In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 25-1836

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM FILLYAW,

*Defendant-Appellant.*

---

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 1:23-cr-00650-1 — **Matthew F. Kennelly,** *Judge.*

---

SUBMITTED MAY 18, 2026 — DECIDED MAY 26, 2026

---

Before SCUDDER, KIRSCH, and TAIBLESON, *Circuit Judges.*

SCUDDER, *Circuit Judge.* In 2022 law enforcement officers executed a warrant and arrested William Fillyaw in Gurnee, Illinois. The arrest occurred in an apartment parking lot after Fillyaw stepped out of his car and started walking toward the entrance carrying a backpack. While handcuffing Fillyaw, the officers removed the backpack and searched it a few minutes later, finding a loaded handgun and various drugs. Federal charges followed.

Fillyaw moved to suppress the gun and drugs. The district court denied the motion, concluding that the inventory search exception to the Fourth Amendment's warrant requirement authorized the search of Fillyaw's backpack. Fillyaw pleaded guilty to the federal charges and reserved his right to appeal.

We see no error in the district court's denial of the motion to suppress. In no way does Fillyaw challenge his arrest. For good reason: the officers had a warrant (alleging that Fillyaw committed arson). He instead challenges the officers' seizure of his backpack and the ensuing search of its contents. But the law has long been clear that when an arrestee is not in a private space, it is "reasonable for the officers to take custody of the personal property in the arrestee's possession at the time of his arrest." *United States v. Griffith*, 537 F.2d 900, 905 (7th Cir. 1976); see also Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 5.5(b) (6th ed. 2025) (explaining that police taking custody of property "presents no problem when a person is arrested in some public place while carrying a suitcase or like object, for it would be clearly improper for the police to simply leave the container unattended at the scene of the arrest"). And once the authorities take lawful custody of personal property, they may conduct an inventory search "in accordance with established inventory procedures." *Illinois v. Lafayette*, 462 U.S. 640, 648 (1983).

These principles find straightforward application in and resolve Fillyaw's appeal. He begs to differ by suggesting that the officers should have simply left the backpack in the parking lot. The Fourth Amendment did not compel that course. Even more, for all the officers knew, the backpack may have contained personal valuables that anyone could have then come and stolen—a result certain to prompt a complaint from

the property owner. Nor, of course, does law enforcement have to run the safety risk of leaving what might be weapons or contraband in an open location following an arrest. It takes no imagination to foresee terrible consequences from following that course. The inventory search doctrine does not force the police into the predicaments Fillyaw presses on appeal.

Fillyaw also suggests that the officers could have put his backpack in his car, given it to his girlfriend who was apparently in the area, or taken it to the apartment complex's general manager. He is right that the Fourth Amendment would not have prohibited any of these options. But Fillyaw presents no evidence that he or anyone else asked the officers to take these steps. On these facts, the district court was right to conclude that the inventory search doctrine amply authorized the officers' actions.

Reaching further, Fillyaw insists that the officers conducted and documented the inventory search in ways that did not align with the letter of their written policies. But any deviations were minimal, such as the fact that only one officer conducted the search and used the wrong form to log what he found. None of this is material. See *United States v. Cartwright*, 630 F.3d 610, 616 (7th Cir. 2010) ("[M]inor deviations from department policy do not render an inventory search unreasonable."). Nor do we see anything to Fillyaw's suggestion that the officers somehow acted in bad faith. Quite to the contrary, what transpired has all the earmarks of sound, responsible police work.

Finally, Fillyaw also invites us to consider an issue he admits he forfeited. He alleges that law enforcement's use of a commercial license plate reader database to identify his location violated the Fourth Amendment. We decline to do so, as

he had every opportunity to include this issue in his motion before the district court.

For these reasons, we AFFIRM.